IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| VINCENT G. DENSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:24-CV-_____ |
| | ) (Jury Trial Demanded) |
| DEKALB COUNTY SCHOOL DISTRICT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

COMES NOW Plaintiff Vincent G. Denson, by his undersigned counsel, and pleads as follows.

### I. PRELIMINARY STATEMENT

1. This is an action is by an employee of Dekalb County School District for a violation of federal employment laws.

2. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII").

### II. THE PARTIES

3. Plaintiff, Vincent G. Denson was initially hired by Defendant Dekalb County School District in October 1993.

4. Plaintiff is a career educator who has served Dekalb County's parents and students for three decades.

5. Defendant is a local governmental entity providing public primary, middle and secondary school education in all parts of Dekalb County except within Decatur and Atlanta city limits.

6. Defendant's operations are overseen by a seven-member board known as the Dekalb County Board of Education.

7. Defendant's chief executive officer is Dr. Devon Q. Horton, the Superintendent.

### III.  JURISDICTION AND VENUE

8. The federal question jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

9. Plaintiff has met all administrative pre-requisites to suit under Title VII having timely filed charges with the Equal Employment Opportunity Commission ("EEOC") and having filed the instant suit within 90 days of receipt of the notices of right-to-sue on December 6, 2023.

10. The EEOC made a probable cause finding in which it determined that Defendant engaged in unlawful conduct.

11. Plaintiff is a resident of the State of Georgia, domiciled in Atlanta, and submits to the jurisdiction of this Court by filing suit.

12. Defendant is a local governmental entity headquartered and operating within Dekalb County, Georgia and is subject to the jurisdiction of this Court.

13. All of the acts and omissions complained of herein occurred within the Northern District of Georgia.

14. Venue is proper in the United States District Court for the Northern District of Georgia, pursuant to Title 28, U.S.C. §1391 and the Local Rules of the United States District Court for the Northern District of Georgia.

## IV. **FACTUAL ALLEGATIONS**

15. Plaintiff previously filed a charge of discrimination with the Equal Employment Opportunity Commission and filed suit thereafter in the United States District Court for the Northern District of Georgia alleging Title VII violations.

16. On Tuesday, September 28, 2021, Defendant's Principal of Martin Luther King, Jr. High School emailed Plaintiff asking if Plaintiff "would like to discuss an opportunity." Plaintiff responded in the affirmative and both met that afternoon.

17. The Principal informed Plaintiff that there was an Assistant Principal opening and Plaintiff was well suited for it.

On September 29, 2021, it was confirmed that Charging Party's appointment was approved earlier that afternoon.

18.     Thereafter, Defendant's Office of Legal Affairs and its counsel demanded that Plaintiff drop his Title VII lawsuit and release all claims before he began the position that he was qualified and was approved to fill.

19.     Plaintiff was qualified for and indeed was the successful candidate for the position of Assistant Principal.

20.     Only after his successful candidacy was Plaintiff advised Defendant wanted a settlement and release of his pending discrimination claims in order for him to begin in this role.

## COUNT I

## RETALIATION IN VIOLATION OF TITLE VII

21.     Plaintiff restates and re-alleges paragraphs 1 through 20 of the Complaint as if fully set forth herein.

22.     By the conduct stated, Defendant violated Title VII prohibition on retaliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays;

a) That the Court enter judgment against Defendant and for Plaintiff;

b) That the Court enter judgment against Defendant for Plaintiff's expenses of litigation incurred in this matter, including reasonable attorneys' fees;

c) That the Court award compensatory damages equal to the value of pain and suffering on account of Defendant's conduct;

d) That the Court grant Plaintiff a trial by jury; and

e) That the Court grant Plaintiff such other and further equitable relief or other relief as it deems just and proper.

This 4th day of March 2024.

        __s/JohnDWales_____
**John D. Wales, Esq.**
Georgia Bar No. 730785
Law Office of John D. Wales
2451 Cumberland Parkway
Suite 38432
Atlanta, Georgia 30339
Tel. (770) 850-2545
Fax (770) 850-2548
**johndwales@aol.com**